IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL NO. 09-00428 JMS-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TWENTY THREE THOUSAND THREE | ) | |
| HUNDRED AND TWENTY THREE | ) | |
| DOLLARS ($23,323.00) IN | ) | |
| UNITED STATES CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE
CLAIMANT CHIMI C. NORTHROP'S ANSWER AND
FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR
ENTRY OF DEFAULT JUDGMENT AND FINAL DECREE OF FORFEITURE**

Before the Court is Plaintiff United States of America's ("Plaintiff") Motion to Strike Claimant Chimi C. Northrop's Answer and for Entry of Default Judgment and Final Decree of Forfeiture ("Motion"), filed on December 30, 2009. Claimant Chimi C. Northrop ("Northrop") filed an answer to Plaintiff's Complaint for Forfeiture ("Complaint") on December 8, 2009, but she has not responded to the Motion. No other person or entity answered the Complaint, and on December 14, 2009, default was entered against all claimants except Northrop. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai'i ("Local Rules"). After careful consideration of the Motion and

the relevant legal authority, this Court HEREBY GRANTS the Motion as to Plaintiff's request to strike Northrop's answer, and FINDS AND RECOMMENDS that the Motion be GRANTED as to Plaintiff's request for default judgment and final decree of forfeiture.

**BACKGROUND**

On April 21, 2008, the United States Immigration and Customs Enforcement ("ICE") seized $23,322.00 ("defendant property") from Northrop pursuant to a state search warrant. [Complaint at ¶ 2.]  Northrop's arrest and the seizure of the defendant property occurred as the result of the following investigation.

On March 19, 2008, a confidential informant ("CI") working with the Narcotics Enforcement Division of the State of Hawaii Department of Public Safety ("NED") and the Naval Criminal Investigative Service used $1,100.00 in pre-recorded United States currency to pay off part of a pre-existing debt and to purchase oxycodone and heroin from Northrop.  [Id. at ¶¶ 7, 10-12.]  On March 20, 2008, the CI made arrangements to pay off the remaining debt to Northrop.  The NED investigator, acting undercover, met with Northrop to pay the debt on the CI's behalf. The investigator paid the debt and purchased thirty oxycodone tablets from Northrop with pre-recorded currency.  The investigator told Northrop that he intended to sell the tablets to Marines at the Kaneohe Marine Base and that he was interested

2

in buying more drugs from her in the future.  Northrop told the investigator that he could contact her directly for future purposes.  [Id. at ¶¶ 13-15.]  The investigator called Northrop on March 24, 2008 and agreed to purchase methadone tablets from her.  They met later that day and the investigator made the purchase with pre-recorded currency.  The investigator met with Northrop on April 2, 2008 to purchase oxycodone tablets, also using pre-recorded bills.  During that transaction, Northrop told the investigator that she obtained the pills from her doctor and sold then instead of taking them.  After the investigator gave a pre-arranged signal, surveillance units approached and arrested Northrop for state drug violations.  [Id. at ¶¶ 16-20.]

The defendant property was recovered during the search of Northrop's purse and vehicle, along with various items, including drugs.  ICE agents determined that $1,100.00 of the defendant property was an exact serial number match to some of the pre-recorded money used in the course of the investigation.  [Id. at ¶¶ 21-23.]  On May 7, 2008, ICE agents executed a federal search warrant on Northrop's residence and recovered, *inter alia*, more currency, unfilled prescriptions, and more drugs.  [Id. at ¶ 24.]

On September 11, 2009, Plaintiff filed the instant *in rem* action for forfeiture and condemnation of the defendant property.  Plaintiff contends that the defendant property is

subject to forfeiture because: (1) it constitutes or was derived
from proceeds traceable to the unlawful offense of possession
with intent to distribute and distribution of drugs, in violation
of 21 U.S.C. § 841; and (2) under 21 U.S.C. § 881(a)(6), it is
money furnished or intended to be furnished in exchange for a
controlled substance, proceeds traceable to such an exchange,
and/or money used or intended to be used to facilitate violation
of that subchapter.  [Id. at ¶ 6.]  The Complaint seeks: notice
to all persons who reasonably appear to be claimants to the
defendant property; forfeiture and condemnation to Plaintiff of
the defendant property; Plaintiff's costs and disbursements in
this actions; and any other appropriate relief.  [Id. at pg. 13.]

On October 7, 2009, Plaintiff filed a Notice of Civil
Forfeiture Action ("Notice") which informed Northrop of the
instant case and her obligation to file: 1) a verified claim
within thirty-five days; and 2) an answer to the Complaint within
twenty days of filing her verified claim.  The Notice and the
Complaint were mailed to both Northrop and her attorney,
Michael Green, Esq., via certified mail, return receipt
requested.  The return receipts indicated that both Northrop and
Mr. Green's office received the documents on October 8, 2009.
[Motion, Decl. of Rachel S. Moriyama ("Moriyama Decl."), Exhs. A-
B.]  Northrop did not file a verified claim, but she filed an
answer to the Complaint on December 8, 2009.

Plaintiff also posted notice of the action on the government website, www.forfeiture.gov, for at least thirty consecutive days, beginning on October 9, 2009. [Decl. of Internet Publication, filed 12/3/09 (dkt. no. 7).] No person or entity, other than Northrop, has asserted any interest in the defendant property. On December 14, 2009, the Clerk of the Court granted Plaintiff's request for entry of default against all persons or entities claiming or having interest in the defendant property, except for Northrop.

In the instant Motion, Plaintiff argues that it is undisputed that Northrop had notice of the action and the applicable deadlines. According to Plaintiff, Northrop had until November 12, 2009 to file a verified claim. On December 14, 2009, Plaintiff's counsel informed Mr. Green that Northrop's answer was late and that Northrop had not filed a verified claim as required by Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules") and 18 U.S.C. § 983(a)(4). Plaintiff argues that Northrop does not have standing to contest the forfeiture and her answer must be stricken because she did not file a verified claim.

Plaintiff argues that, if this Court strikes Northrop's answer, Plaintiff is entitled to default judgment and a final decree of forfeiture against Northrop and all other potential

claimants to the defendant property.  Plaintiff argues that the only relevant factor which weighs against the entry of default judgment is the policy that cases should be decided on the merits whenever possible.  Plaintiff, however, asserts that this factor alone is not sufficient to avoid default judgment.

Northrop did not file a response to the instant Motion, nor has she filed any other document in this case beside the answer.

**DISCUSSION**

**I.   Request to Strike the Answer**

The instant case is an *in rem* civil forfeiture action arising from a federal statute.  It is therefore governed by 18 U.S.C. § 983, which sets forth the general rules for civil forfeiture proceedings, and the Supplemental Rules.  See Fed. R. Supp. Adm. Maritime Claims A(1)(B).  According to the Supplemental Rules, "[a] person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending."  Fed. R. Supp. Adm. Maritime Claims G(5)(a)(I).  The claim must:

> (A) identify the specific property claimed;
> (B) identify the claimant and state the claimant's interest in the property;
> (C) be signed by the claimant under penalty of perjury; and
> (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

Northrop was given direct notice of the action and was therefore

6

required to file her verified claim by the date stated in the
Notice.  <u>See</u> Fed. R. Supp. Adm. Maritime Claims G(5)(a)(ii)(A).
The Supplemental Rules also provide that: "A claimant must serve
and file an answer to the complaint or a motion under Rule 12
within 20 days after filing the claim.  A claimant waives an
objection to in rem jurisdiction or to venue if the objection is
not made by motion or stated in the answer."  Fed. R. Supp. Adm.
Maritime Claims G(5)(b).[1]  The government may move to strike a
claim or answer at any time before trial "for failing to comply
with Rule G(5) or (6)" or "because the claimant lacks standing."
Fed. R. Supp. Adm. Maritime Claims G(8)(c)(I).

     In the present case, Plaintiff mailed the Notice and
Complaint to both Northrop and her attorney.  The Notice clearly
states that any person with an interest in the defendant property
was required to file a verified claim within thirty-five days of
the date of the Notice, which was dated October 7, 2009.  On
November 30, 2009, Plaintiff also served Northrop, through her
attorney, with Plaintiff's Scheduling Conference Statement.
Plaintiff's Scheduling Conference Statement noted that Northrop
had failed to file a claim or answer within the time period set
forth in Supplemental Rule G(4)(b)(ii) and that the deadline for
all other claims was December 8, 2009.  Plaintiff stated that,

---

[1] As of December 1, 2009, Supplemental Rule G(5)(b) requires
that the answer be filed within twenty-one days after the filing
of the claim.

once that deadline expired, it would seek an entry of default against all interested persons or entities.  [Scheduling Conf. Stat. of Pltf. United States of America, filed 11/30/09 (dkt. no. 6), at 3.]  This Court set the scheduling conference for December 7, 2009.  Te-Hina Ickes, Esq., appeared on behalf of Mr. Green and stated a claim would be filed on Northrop's behalf by December 8, 2009.  [Moriyama Decl. at ¶ 11.]  Mr. Green filed Northrop's answer on December 8, 2009.  Thus, Northrop was clearly aware of her duty to respond to the Complaint.

        "The verified claim requirement in Rule G(5) is not merely a procedural technicality[.]"  <u>See</u> <u>United States v. $86,496.00 in United States Currency</u>, No. CV-07-1693-PHX-DGC, 2008 WL 2039355, at *2 (D. Ariz. May 12, 2008) (citation and quotation marks omitted) (alteration in original).  The Ninth Circuit Court of Appeals requires "proper standing to contest a forfeiture both as a statutory matter and as an Article III and prudential requirement."  <u>United States v. One 1985 Cadillac Seville</u>, 866 F.2d 1142, 1148 (9th Cir. 1989) (citations omitted).  Thus, a claimant who fails to file a verified claim as required by Supplemental Rule G(5) does not have standing to contest the forfeiture.  <u>See</u>, <u>e.g.</u>, <u>United States v. Real Property</u>, 135 F.3d 1312, 1316-18 (9th Cir. 1998) (owner of the defendant property who failed to comply with the requirements of Supplemental Rule C(6) did not have standing as a party to the forfeiture action);

$86,496.00 in United States Currency, 2008 WL 2039355, at *4
(May 12, 2008) (person from whom defendant property was seized
did not have standing in the forfeiture action because he did not
file a verified claim as required by Supplemental Rule G(5));
United States v. $11,918.00, No. 1:03-cv-05679-AWI-SMS, 2007 WL
3037307, at *7 (E.D. Cal. Oct. 17, 2007).

    This Court FINDS that Northrop lacked standing to file
an answer to the Complaint because she failed to file a verified
claim as required by Supplemental Rule G(5).  Plaintiff's Motion
is therefore GRANTED as to Plaintiff's request to strike
Northrop's answer, filed on December 8, 2009.

## II.  Default Judgment

    Insofar as Northrop's answer has been stricken and
default has been entered against all other potential claimants to
the defendant property, Plaintiff argues that default judgment
and a final decree of forfeiture should be entered.

    "'The general rule of law is that upon default the
factual allegations of the complaint, except those relating to
the amount of damages, will be taken as true.'"  TeleVideo Sys.,
Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting
Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)).
A plaintiff who obtains a entry of default, however, is not
entitled to default judgment as a matter of right.  See Warner
Bros. Entm't Inc. v. Caridi, 346 F. Supp. 2d 1068, 1071 (C.D.

9

Cal. 2004).  Default judgments are disfavored; cases should be decided on the merits if possible.  See In re Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir. 1993).  Thus, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment."  VonGrabe v. Sprint PCS, 312 F. Supp. 2d 1313, 1319 (S.D. Cal. 2004) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)).

In determining whether to grant default judgment, the court should consider the following factors:

> (1) the possibility of prejudice to the plaintiff,
> (2) the merits of the plaintiff's substantive claim,
> (3) the sufficiency of the complaint,
> (4) the sum of money at stake in the action,
> (5) the possibility of a dispute concerning material facts,
> (6) whether the default was due to excusable neglect, and
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Warner Bros., 346 F. Supp. 2d at 1071-72 (quoting Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986)).  Courts considering motions for default judgment in forfeiture actions have applied the Eitel factors.  See, e.g., United States v. Approximately $17,872 in United States Currency, No. C 08-03346 WHA, 2009 WL 2990496, at *3-*4 (N.D. Cal. Sept. 11, 2009); United States v. $86,496.00 in United States Currency, No. CV-07-1693-PHX-DGC, 2008 WL 2687141, at *2-*3 (D. Ariz. July 2, 2008); $11,918.00, 2007 WL 3037307, at *7.

A.  **Possible Prejudice to Plaintiff**

Northrop's answer has been stricken and no other person or entity has come forward to assert an interest in the defendant property.  "If the Court were to refuse to grant a default judgment, plaintiff would certainly be prejudiced-the government would be required to expend further time and effort in an action that has no opposing party.  Absent a default judgment, the government may be altogether without recourse."  See Approximately $17,872 in United States Currency, 2009 WL 2990496, at *4; see also $86,496.00 in United States Currency, 2008 WL 2687141, at *2 (July 2, 2008).  The first factor therefore weighs in favor of granting default judgment.

B.  **The Merits of Plaintiff's Claim and the Sufficiency of the Complaint**

Before a court may order forfeiture, the government must prove by a preponderance of the evidence that forfeiture is warranted.  See 18 U.S.C. § 983(c)(1).  The allegations of the Complaint, which are assumed to be true upon the entry of default, establish that the defendant property is "moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, . . . proceeds traceable to such an exchange, [and/or] moneys . . . used or intended to be used to facilitate any violation of this subchapter."  See 21 U.S.C. § 881(a)(6).  They also establish the defendant property constitutes or was

11

derived from proceeds traceable to the knowing or intentional distribution, or possession with intent to distribute, a controlled substance.  <u>See</u> 18 U.S.C. § 841(a)(1).  The second and third factors therefore weigh in favor of granting default judgment.

####  C.   **<u>The Amount of Money at Stake</u>**

There are serious crimes at issue, and Northrop has not been diligent in her attempt to assert a lawful interest in the defendant property.  Thus, the amount of money at stake, $23,322.00, "though not insubstantial, is not large enough to warrant denial of the motion."  <u>See</u> <u>Approximately $17,872 in United States Currency</u>, 2009 WL 2990496, at *4.  The fourth factor weighs in favor of granting default judgment.

####  D.   **<u>Dispute over Material Facts and Excusable Neglect</u>**

Northrop's untimely answer raised factual issues concerning Plaintiff's recitation of the facts of this case.  Northrop, however, failed to file a verified claim as required by Supplemental Rule G(5).  Further, Northrop did not file an opposition to the instant Motion, and her answer does not offer any explanation for her failure to file a verified claim.  Northrop therefore cannot litigate the factual issues that she raised, and she has not offered any indication that her failure to file a timely verified claim was the result of excusable neglect.  The fifth and sixth factors weigh in favor of granting

default judgment.

>        **E.    The Policy Favoring Decisions on the Merits**

The strong policy favoring decisions on the merits weighs against granting default judgment.  "However, the mere existence of Fed.R.Civ.P. 55(b) indicates that this preference, standing alone, is not dispositive."  <u>PepsiCo, Inc. v. Cal. Security Cans</u>, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) (citation and quotation marks omitted).  Further, in light of the fact that Northrop's answer has been stricken and no other claimant has appeared, "there is no opposing party [and] a decision on the merits is 'impractical, if not impossible.'"  <u>See Approximately $17,872 in United States Currency</u>, 2009 WL 2990496, at *4 (quoting <u>PepsiCo</u>, 238 F. Supp. 2d at 1177).

Having considered all of the relevant factors, this Court FINDS that default judgment is warranted in this case and that a final decree of forfeiture should be entered.

>                    **ORDER**

On the basis of the foregoing, Plaintiff's Motion to Strike Claimant Chimi C. Northrop's Answer and for Entry of Default Judgment and Final Decree of Forfeiture, filed on December 30, 2009, is HEREBY GRANTED insofar as this Court ORDERS Claimant Chimi C. Northrop's answer, filed on December 8, 2009, STRICKEN.

IT IS SO ORDERED.

>                      13

## FINDING AND RECOMMENDATION

On the basis of the foregoing, this Court HEREBY FINDS that Plaintiff's Motion to Strike Claimant Chimi C. Northrop's Answer and for Entry of Default Judgment and Final Decree of Forfeiture, filed on December 30, 2009, should be GRANTED insofar as this Court RECOMMENDS that the district judge ORDER the entry of default judgment and a final decree of forfeiture.

The parties are advised that any objection to this Finding and Recommendation is due seventeen calendar days after being served with a copy of this Findings and Recommendation. See Fed. R. Civ. P. 5(b)(2) & 6(d); Local Rule LR74.2.  If an objection is filed with the Court, it shall be captioned "Objections to Magistrate Judge's Findings and Recommendation." A copy of the objection shall be served on all parties.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, February 16, 2010.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**USA V. TWENTY THREE THOUSAND THREE HUNDRED AND TWENTY TWO DOLLARS IN UNITED STATES CURRENCY; CIVIL NO. 09-00428 JMS-LEK; ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE CLAIMANT CHIMI C. NORTHROP'S ANSWER AND FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AND FINAL DECREE OF FORFEITURE**